UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LENORE VICTORIAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15-CV-00667-AGF |
| WELLS FARGO HOME MORTGAGE, et al. | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to strike the motion to dismiss filed by Defendants Wells Fargo Home Mortgage ("Wells Fargo") and Deutsche Bank National Trust Company ("Deutsche Bank"); to exclude all reference to facts and exhibits not contained in Plaintiff's first amended complaint; or to treat Defendants' motion as a motion for summary judgment. (Doc. No. 35.) For the reasons set forth below, Plaintiff's motion shall be granted in part.

## BACKGROUND

Plaintiff's amended complaint asserts several claims arising out of the foreclosure sale of her home. In relevant part, Plaintiff alleges that Wells Fargo approved Plaintiff to enter a Trial Period Plan for modification of her loan under the federal government's Home Affordable Modification Program ("HAMP"). Plaintiff alleges that after making timely trial period payments, Wells Fargo informed her that she did not meet the requirements for a permanent loan modification under HAMP because she had a second

mortgage on her property. Based in part on these allegations, Plaintiff asserts claims against Wells Fargo for breach of contract, fraud, and various statutory violations.

Wells Fargo and Deutsche Bank have moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). These Defendants make several arguments in support of dismissal, but one argument relies upon a document outside of the pleadings. Defendants assert that this document is a copy of Plaintiff's Request for Mortgage Assistance ("RMA") (Doc. No. 31-1), which Plaintiff purportedly submitted in applying for a HAMP modification and in which Defendants assert that Plaintiff misrepresented the amount of her monthly payment on her second mortgage.

Plaintiff argues that the RMA was never mentioned in her complaint and appears to be missing some pages. Plaintiff argues that she cannot respond to any arguments regarding the RMA without conducting discovery relating to all of the documents submitted by Plaintiff to Defendants regarding her income and expenses in connection with her HAMP application. Plaintiff asserts that while she has some of these documents in her possession, she does not have the RMA attached to Defendant's motion in her possession.

Plaintiff therefore asks that the Court (1) strike Defendant's motion, (2) exclude all references to facts and exhibits not contained in Plaintiff's amended complaint, or (3) treat the motion as a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d), and allow Plaintiff time to conduct discovery before responding.

Plaintiff has not responded to the motion to dismiss on the merits and asserts that she cannot do so without knowing whether the Court will consider the extrinsic evidence

presented by Defendants and whether the Court will treat the motion as one for summary judgment. Therefore, she also requests additional time to respond the motion to dismiss.

Wells Fargo and Deutsche Bank respond that the RMA is necessarily embraced by Plaintiff's amended complaint and is therefore not a matter outside the pleadings. These Defendants contend that in the amended complaint, Plaintiff alleges that she "sent Wells Fargo documents that evidenced her financial circumstances." (Doc. No. 24 at 2.) Defendants further argue that the entire gist of Plaintiff's amended complaint is that Wells Fargo was obligated to modify Plaintiff's loan based on her HAMP application, and the application, including the RMA, is therefore embraced by the pleadings. Wells Fargo also argues that Plaintiff's assertion regarding any pages missing from the RMA is specious because the only missing pages are "fax page numbers that do not affect the substance of that document." (Doc. No. 36 at 7 n.6.)

## **DISCUSSION**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must generally ignore materials outside the pleadings, but they may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co*., 652 F.3d 971, 976 (8th Cir. 2011). A motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Fed. R. Civ. P. 12(d). Matters outside the pleadings include any written evidence "in support of or in opposition to the pleading that provide[s] some

substantiation for and does not merely reiterate what is said in the pleadings." *McAuley v. Federal Ins. Co*., 500 F.3d 784, 787 (8th Cir. 2007).

Although Plaintiff's amended complaint broadly and briefly references documentation sent to Wells Fargo, it contains no mention of or reference to the RMA. Therefore the RMA does not merely reiterate what is said in the pleadings.

The Court concludes that the RMA is a matter outside the pleadings and will grant Plaintiff's motion to the extent that it requests that the Court exclude all references to the RMA and any other facts outside of Plaintiff's amended complaint.

Because the Court will exclude references to matters outside the pleadings, it will deny as moot Plaintiff's alternative requests to strike the motion to dismiss or to treat the motion as one for summary judgment.

The Court will also grant Plaintiff additional time to respond to the motion to dismiss, until October 6, 2015, which is the same date on which Plaintiff's response to the other motion to dismiss in this case (filed by the remaining Defendant, Chase Bank USA, N.A.) is due.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike is **GRANTED in part**, to the extent that it requests that the Court exclude all references to facts and exhibits not contained in Plaintiff's amended complaint; the motion is otherwise **DENIED**. (Doc. No. 35.)

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 6, 2015** to file a response to the motion to dismiss filed by Defendants Wells Fargo Home Mortgage and Deutsche Bank National Trust Company.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2015.