UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LENORE VICTORIAN,           )
           )
      Plaintiff,        )
           )
     v.           )      No. 4:15-CV-00667-AGF
           )
WELLS FARGO HOME MORTGAGE,   )
et al.            )
           )
      Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Chase Bank, N.A.'s motion (Doc. No. 64) for judgment on the pleadings on the sole remaining claim against it—Count VII, for declaratory judgment, which requests that the Court "declare" that Chase has "no right, title or interest in and to the real estate" that is the subject of this lawsuit.

Chase argues that, as pleaded by Plaintiff and as evidenced in the publicly recorded Release of Deed of Trust attached to its motion,[1] Chase has extinguished any ownership interest it had in the subject real estate. As such, Chase argues that the Court should enter judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), on Count VII of Plaintiff's first amended complaint against Chase, and declare that Chase has no right, title, or interest and to the property. Plaintiff has not responded to Chase's motion, and the time to do so has passed.

---

[1] "When deciding Rule 12(c) motions, . . . courts may rely on matters within the public record." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002)

When presented with a motion for judgment on the pleadings, a district court must "accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the [plaintiff], drawing all inferences in [his] favor." *Ashley Cnty., Ark. v. Pfizer, Inc*., 552 F.3d 659, 665 (8th Cir. 2009) (citation omitted). The standard for judgment on the pleadings is the same as that for failure to state a claim under Rule 12(b)(6). *Id*. at 665. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)).

Plaintiff's first amended complaint alleges that, "[o]n October 24, 2014, Chase sent Plaintiff a letter notifying her that Chase had released any lien it had on the property," and that on December 15, 2014, the property was sold at a foreclosure sale to Defendant Deutsche Bank National Trust Company. (Doc. No. 24 at 34.) Likewise, Chase's Release of Deed of Trust, dated October 29, 2014 and considered for purposes of this motion as a public record, reflects that Chase extinguished any interest it had in the property. Therefore, the Court will grant Chase's motion and declare that Chase does not have any right, title, or interest in and to the subject property, which will resolve the sole remaining claim against Chase.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Chase Bank, N.A.'s motion for judgment on the pleadings is **GRANTED**, and the Court hereby declares that this

Defendant has no right, title, or interest in and to the property that is the subject of this lawsuit.  (Doc. No. 64.)

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2016.