UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LENORE VICTORIAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00667-AGF |
| | ) | |
| WELLS FARGO HOME MORTGAGE, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the joint motion (ECF No. 85) for summary judgment filed by Defendants Wells Fargo Home Mortgage ("Wells Fargo") and Deutsche Bank National Trust Company ("Deutsche Bank"). The motion is fully briefed.

Defendants move for summary judgment on all of Plaintiffs' claims against them, including Count VI, a Missouri Merchandising Practices Act ("MMPA") claim against Wells Fargo. This MMPA claim arises out of Wells Fargo's conduct and actions taken throughout the parties' negotiations regarding a loan modification. Wells Fargo argues that summary judgment is warranted on this claim because Plaintiff cannot establish that Wells Fargo engaged in unlawful activity or that Plaintiff suffered an ascertainable loss arising from Wells Fargo's actions, two elements of an MMPA claim.

The Court believes that summary judgment may be warranted with respect to this claim (or some part of it) on a different ground not raised by Defendants. Specifically, the Court believes that some or all of the allegedly unlawful acts of Wells Fargo listed in Count VI (ECF No. 24 at 28-30) may not have been taken "in connection with the sale . . . of any merchandise in trade or commerce," as required by the MMPA and as interpreted by the Supreme Court of Missouri. *See* Mo. Rev. Stat. § 407.020.1; *Watson v. Wells Fargo Home Mtg., Inc.*, 438 S.W.3d 404, 407-08 (Mo. 2014) (dividing similar MMPA allegations into two categories—"those relating to the loan modification negotiations and those relating to the alleged wrongful foreclosure"—and holding that actions falling in the former category did not satisfy the "in connection with the sale" element of an MMPA claim).[1]

Federal Rule of Civil Procedure 56(f)(2) provides that a district court may grant a motion for summary judgment on grounds not raised by a party after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(2); *see also Hightower v. City of St. Louis*, No. 4:14-CV-1959 (CEJ), 2016 WL 6524287, at *7 (E.D. Mo. Nov. 3, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall have until **May 17, 2017**, to respond to the issue of whether summary judgment should be entered in favor of Defendant Wells Fargo Home Mortgage on Count VI of Plaintiff's amended complaint

---

[1] A former Defendant in this case, Chase Bank, did raise the "in connection with the sale" element as a ground to dismiss Plaintiff's MMPA claim against it, and the Court agreed with Chase's argument and dismissed Plaintiff's MMPA claim against Chase. *See* ECF No. 55.

for the reason set forth above.  The parties shall have **seven days** thereafter to file any response to an opposing party's brief.

**IT IS FURTHER ORDERED** that, except as set forth above, no further briefing will be permitted with respect to Defendants' motion for summary judgment.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2017.